IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TOM LEWIS, on behalf of himself and others similarly situated,<br><br>                      Plaintiffs,<br>          v.<br><br>HUNTINGTON BANCSHARES INCORPORATED, THE HUNTINGTON NATIONAL BANK, HUNTINGTON PREFERRED CAPITAL INC., HUNTINGTON PREFERRED CAPITAL II, INC., HUNTINGTON PREFERRED CAPITAL HOLDINGS, INC., HUNTINGTON CAPITAL FINANCING HOLDINGS I, INC., HUNTINGTON CAPITAL FINANCING HOLDINGS II, INC., HUNTINGTON WEST, INC., and HPC HOLDINGS-II, INC.<br><br>                      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. <u>2:11-cv-00058</u> |

**NATIONWIDE COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FLSA AND STATE WAGE AND HOUR LAWS**

Tom Lewis ("Plaintiff"), on behalf of himself and all others similarly situated, brings this lawsuit against Huntington Bancshares Incorporated, The Huntington National Bank, Huntington Preferred Capital, Inc., Huntington Preferred Capital II, Inc., Huntington Preferred Capital Holdings, Inc. Huntington Capital Financing Holdings I, Inc., Huntington Capital Financing Holdings II, Inc., Huntington West, Inc., and HPC Holdings-II, Inc., ("Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and, among others, the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the Ohio Prompt Pay Act, O.R.C. §§ 4113.15 ("Ohio Pay Act"). Plaintiff's FLSA claim is asserted as a collective action pursuant to 29 U.S.C. § 216(b),

while the state wage and hour claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

2. This Court also has original jurisdiction over the Ohio state law claims in this action under the Class Action Fairness Act, 28 U.S.C. §§ 1332 (d), because this is a class action in which: (1) there are 100 or more members in Plaintiff's proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state wage and hour law claims because those claims derive from a common nucleus of operative fact.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff Tom Lewis ("Plaintiff") is a former employee, as defined by 29 U.S.C. § 203(e), of Defendants. Plaintiff, who was employed by Defendants as a "Mortgage Loan Officer" ("MLO"), worked over 40 hours per week and was not paid overtime. Plaintiff resides in Westerville, Ohio. Plaintiff has evidenced his consent to bring this lawsuit by filing the attached Notice of Consent pursuant to 29 U.S.C. §216(b).  *See*, Exhibit A.

5. Defendant Huntington Bancshares, Inc. is a Maryland corporation registered to do business in Ohio, has a principal place of business in Columbus, Ohio and can be served through its statutory agent, Richard A. Cheap, 41 South High Street, Columbus, Ohio 43215.

6. Defendant Huntington Preferred Capital, Inc. is an Ohio corporation registered to do business in Ohio, has a principal place of business in Columbus, Ohio and can be served through its statutory agent, Richard A. Cheap, 41 South High Street, Columbus, Ohio 43215.

7. Defendant The Huntington National Bank is a Maryland corporation registered to do business in Ohio, has a principal place of business in Columbus, Ohio and can be served through its statutory agent, Richard A. Cheap, 41 South High Street, Columbus, Ohio 43215.

8. Defendant Huntington Preferred Capital II, Inc. is an Ohio corporation registered to do business in Ohio, has a principal place of business in Columbus, Ohio and can be served through its statutory agent, John W. Liebersbach, 41 South High Street 5th Fl, Columbus, Ohio 43215.

9. Defendant Huntington Preferred Capital Holdings, Inc. is an Indiana company doing business in Ohio with a principal place of business in Las Vegas, NV and can be served through its statutory agent, CT Corporation System , 251 E. Ohio Street Suite 1100, Indianapolis , IN  46204.

10. Defendant Huntington Capital Financing Holdings I, Inc. is a Nevada corporation doing business in Ohio with a principal place of business in Las Vegas, Nevada, and can be

served through its statutory agent, The Corporation Trust Company of Nevada, 311 S. Division St., Carson City, NV 89703.

11. Defendant Huntington Capital Financing Holdings II, Inc. is a Nevada corporation doing business in Ohio with a principal place of business in Las Vegas, Nevada, and can be served through its statutory agent, The Corporation Trust Company of Nevada, 311 S. Division St., Carson City, NV 89703.

12. Huntington West, Inc. is a Delaware corporation doing business in Ohio with a principal place of business in Ohio and can be served through its statutory agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE 19801.

13. HPC Holdings-II, Inc. is an Indiana company doing business in Ohio with a principal place of business in Indianapolis, IN and can be served through its statutory agent, CT Corporation System , 251 E. Ohio Street Suite 1100, Indianapolis , IN  46204.

14. Defendant's annual gross operating revenues, exclusive of excise taxes at the retail level, exceed $500,000.00.

15. According to its website Defendants have been providing a full range of financial services for 144 years for a regional and national customer base, specifically it has been providing mortgage lending services in interstate commerce since January 18, 2008 to present.

<u>SUMMARY</u>

16. Plaintiff was an employee of Defendants and brings this action on behalf of himself and other current and former employees of Defendants similarly situated for unpaid wages, overtime compensation, improper deductions, and other relief under the FLSA, as amended, 29 U.S.C. § 201, *et seq*.

17. Plaintiff is a former MLO who was misclassified by Defendants as exempt from the overtime provisions of the FLSA and/or applicable state wage and hour laws of Ohio (the "State Law"), as described below.

18. Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by Defendants nationwide as an MLO (hereinafter "Nationwide FLSA Collective Plaintiffs"), at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Defendants as exempt from overtime pay under federal law and who had improper deductions taken from their pay.

19. Plaintiff also brings this action on behalf of a subclass of all persons who were, are, or will be employed by Defendants in the State of Ohio as MLO (hereinafter , the "Ohio Subclass"), at any time within the three (3) years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "Ohio Subclass Period"), who were, are, or will be improperly misclassified as exempt from overtime pay under applicable law, and who had improper deductions taken from their pay.

20. The primary job of Plaintiff, the Nationwide FLSA Collective Plaintiffs, and the Ohio Subclass, is selling, originating, and producing home loans to the general public in Defendants' branches, following established policies and procedures created by Defendants. The Defendants use the same operating policies and procedures for its MLO's in all of its branches throughout the United States.

21. Defendants unlawfully classified, and continue to unlawfully classify, Plaintiff, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass as exempt from overtime payments under federal and State Law, despite the fact that they are not

5

exempt. Plaintiff, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass worked overtime hours, as defined by the applicable federal and State Law, and are and have been entitled to premium compensation at one and one half times the regular hourly rate ("overtime compensation") for those hours.

22. Defendants unlawfully and improperly deducted monies from Plaintiff, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass for, including but not limited to items such as appraisal fees, extension fees, and half of the base pay of Personal Production Assistants ("PPA").

23. Defendants have willfully refused to pay Plaintiff, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass the required overtime compensation for overtime hours worked, monies improperly deducted, and have failed to keep records as required by law.

24. Defendants' practices violate the FLSA and the State Law(s) pleaded herein. Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendants, monies improperly deducted, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and interest.

## FACTUAL ALLEGATIONS

25. Defendants are principally involved in financial services throughout Ohio, Indiana, Kentucky, Michigan, Pennsylvania, and West Virginia.

26. Defendants' services primarily consist of banking for individuals and businesses as well as specialty services, including the preparation and handling of mortgage loans.

27. Plaintiff Tom Lewis has worked in Defendants' Columbus, Ohio location as an MLO for over 20 years until January 14, 2011.

28. Plaintiff's job, as well as those similarly situated, as an MLO consisted of preparing loan applications, collecting documentation from borrowers, and engaging in customer contact through telephone and email.

29. During his employment, Plaintiff, as well as those similarly situated, was required to log into Novell, Defendants' access management system, and engage in the origination and production of home loans using Defendants' loan origination system, UNIFI.

30. Plaintiff, as well as those similarly situated, performed non-exempt duties for Defendants during the three (3) year statute of limitations period.

31. The Defendants compensated the Plaintiff, as well as those similarly situated, on a commission sales basis, with a monthly repayable draw and did not monitor the hours they worked. Plaintiff, as well as those similarly situated, received commission on loans that actually closed and were recorded.

32. Defendants frequently deducted monies from Plaintiff's commissions, as well as those similarly situated, for appraisal fees, extension fees, and including, but not limited to, an amount to cover half of the base pay of his PPA.

33. The Defendants compensated its MLOs in the same way pursuant to uniform corporate policies, practices, procedures, and standards throughout the United States as evidenced by the "Production Commission and Incentive Compensation Plan."

34. The work performed by Plaintiff, as well as those similarly situated, was an integral part of Defendants' business because it brought customers to Defendants' place of business and the loans were held by Defendants.

35. The work performed by Plaintiff, as well as those similarly situated, did not require any special skill, extensive training or expert knowledge.  Rather, through basic training provided and mandated by Defendants, the MLOs were able to quickly learn the skills necessary to competently perform their job functions.

36.  Plaintiff, as well as those similarly situated, worked in excess of forty (40) hours per week in one or more weeks during their employment with Defendants.

37. Defendants never paid the Plaintiff, as well as those similarly situated, time and one half wages for overtime hours worked. Defendants improperly classified the Plaintiff as an exempt employee.

38. Defendants have intentionally, willfully and improperly failed to pay overtime compensation to Plaintiff and all other similarly situated employees for overtime hours worked.

### NATIONWIDE COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all Nationwide FLSA Collective Plaintiffs who are part of the following class:

> All individuals employed as Mortgage Loan Officers at all of the Defendant's banks/branches across the country, during any workweek since January 18, 2008, who were compensated based on Defendant's Production Commission and Incentive Compensation Plan.

These individuals are referred to as "the Nationwide §216 Class" or "the Nationwide §216(b) Class members."

40. Collective Action treatment of Plaintiff's FLSA claim is appropriate because Plaintiff and the Nationwide §216(b) Class have been subjected to the common business practices referenced in paragraphs 16-38, *supra*, and the success of their claims depends on the

resolution of common issues of law and fact, including, *inter alia*, whether Defendants'

common payroll practices fail to properly compensate class members for the entire time

worked.

### OHIO SUBCLASS RULE 23 CLASS ALLEGATIONS

41. The Plaintiff brings a claim for relief for violation of Ohio's wage and hour laws as a

class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the

Ohio Subclass who are part of the following class:

> All individuals employed as Mortgage Loan Officers at
> Defendant's Ohio banks/branches, during any workweek since
> January 18, 2008, who were compensated based on Defendant's
> Production Commission and Incentive Compensation Plan.

These individuals are referred to as "the Ohio Subclass" or "the Ohio Subclass members."

42. The Ohio Subclass includes, upon information and belief, hundreds of individuals and, as

such, is so numerous that joinder of all class members is impracticable.

43. Plaintiff is a member of the Ohio Subclass, and his claims are typical of the claims of

other Ohio Subclass members.  Plaintiff has no interests that are antagonistic to or in the

conflict with the interests of other class members.

44. Plaintiff will fairly and adequately represent the Ohio Subclass and its interests.

Moreover, Plaintiff has retained competent and experienced counsel who will effectively

represent the interests of the Ohio Subclass.

45. Questions of law and fact are common to the Ohio Subclass, as described at paragraph 40

*supra*.

46. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1)

because the prosecution of separate actions by individual Ohio Subclass members would

create a risk of inconsistent or varying adjudications which would establish incompatible

standards of conduct for Defendants and/or because adjudications with respect to individual Ohio Subclass members would as a practical matter be dispositive of the interests of non-party Ohio Subclass members.

47. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Subclass, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Ohio Subclass as a whole.

48. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual Ohio Subclass members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Asserting Violations of the FLSA)**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(a)-(b).

51. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 29 U.S.C. § 207(a)(1).

52. Plaintiff, and the Nationwide §216(b) Class members, are/were covered employees entitled to the FLSA's protections.

53. Defendants are covered employers required to comply with the FLSA's mandates.

54. During all times material to this complaint Plaintiff and the Nationwide §216(b) Class members are/were not exempt from receiving FLSA overtime benefits because, *inter*

*alia*, they were not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0, *et seq.*

55. Defendants have violated the FLSA with respect to Plaintiff and the Nationwide §216(b) Class members by, *inter alia*, failing to compensate them at applicable straight time and/or time-and-one-half overtime rates for any hours worked over forty hours in a workweek.  Plaintiff and the Nationwide §216(b) Class members routinely worked in excess of forty hours in workweek. Defendants failed to monitor their hours and misclassified them as exempt employees.

56. Defendants have violated the FLSA with respect to Plaintiff and the Nationwide §216(b) Class members by, *inter alia*, taking improper deductions from their pay.

57. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
(**Ohio Wage Act, Brought by the Plaintiff on Behalf of Himself and the Ohio Subclass members**)

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.*

60. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A).

11

61. During all times material to this complaint, Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

62. During all times material to this complaint Plaintiff and the Ohio Subclass members were covered employees entitled to the Ohio Wage Act's protections.

63. During all times material to this complaint Plaintiff and the Ohio Subclass members are/were not exempt from receiving overtime benefits under the Ohio Wage Act because, *inter alia*, they were not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also 29* C.F.R. §§ 541.0, *et seq.*

64. Defendants have violated the Ohio Wage Act with respect to Plaintiff and the Ohio Subclass by, *inter alia*, failing to compensate them at applicable straight time and/or time-and-one-half overtime rates for the entire time period worked. Plaintiff and the Ohio Subclass routinely worked in excess of forty hours in workweek. Defendants failed to monitor Plaintiff's hours and misclassified the Plaintiff and the Ohio Subclass as exempt employees.

65. Defendants have violated the Ohio Wage Act with respect to Plaintiff and the Ohio Subclass members by, *inter alia*, taking improper deductions from their pay.

66. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT III
(**OPPA, Brought by the Plaintiff on Behalf of Himself and the Ohio Subclass members**)

67. All previous paragraphs are incorporated as though fully set forth herein.

68. During all times material to this complaint, Defendants were entities covered by the OPPA and Plaintiff and the Ohio Subclass members are/were employed by Defendants within the meaning of the OPPA.

69. The OPPA requires that Defendants pay Plaintiff and the Ohio Subclass members all wages, including unpaid overtime and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. §4113.15(A).

70. During all times material to this complaint, Plaintiff and the Ohio Subclass members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty (30) days of performing the work. *See*, O.R.C. §4113.15(B).

71. Plaintiff's unpaid wages and those of the Ohio Subclass remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

72. In violating the OPPA, Defendants acted willfully and with reckless disregard of clearly applicable Ohio law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the Nationwide FLSA Class, pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of

the pendency of this action, and permitting them to assert timely FLSA claims in this action by

filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.       An injunction prohibiting Defendants from engaging in future FLSA violations;

C.       Lost overtime wages and improperly deducted monies to the fullest extent

permitted under the law;

D.       Liquidated damages, prejudgment interest, and monetary penalties to the fullest

extent permitted under the law;

E.       Litigation costs, expenses, and attorney's fees to the fullest extent permitted under

the law; and

F.       Such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the Ohio Subclass,

pray for relief as follows:

A.       Certification of this action as a class action on behalf of the proposed Ohio

         Subclass;

B.       Designation of the Plaintiff as Representative of the Ohio Subclass;

C.       An injunction prohibiting Defendants from engaging in future Ohio Wage Act

         violations;

D.       Lost overtime wages and improperly deducted monies to the fullest extent

         permitted under the law;

E.       Liquidated damages, prejudgment interest, and monetary penalties to the fullest

         extent permitted under the law;

F.       Litigation costs, expenses, and attorney's fees to the fullest extent permitted under

         the law; and

G.      Such other and further relief as this Court deems just and proper.


Date: January 18, 2011                          Respectfully,

                                                */s/ Robert E. DeRose*
                                                Robert E. DeRose, Esq. (0055214)
                                                Katherine A. Stone, Esq.( 0085600)
                                                Barkan Neff Handelman Meizlish, LLP
                                                360 South Grant Avenue
                                                P.O. Box 1989
                                                Columbus, Ohio 43216-1989
                                                Telephone: (614) 221-4221
                                                Fax: (614) 744-2300
                                                Email: bderose@bnhmlaw.com
                                                        kstone@bnhmlaw.com

                                                */s/ Jami S. Oliver*
                                                Jami S. Oliver (0061738)
                                                132 Northwoods Blvd.
                                                Columbus, OH 43235
                                                Phone:  (614) 220-9100
                                                Fax:  (866) 318-4580
                                                Email: joliver@jamioliver.com