# Exhibit A

## NOTICE OF COLLECTIVE ACTION LAWSUIT

*Lewis, et al. v. The Huntington National Bank 2:11-00058-ALM-TPK*
*United States District Court, Southern District of Ohio, Eastern Division*

**TO:** **All present and former Mortgage Loan Officers who were employed by Huntington National Bank between May 23, 2008 and April 2, 2011 who were compensated based on Huntington National Bank's Production Commission and Incentive Compensation Plan, and/or Huntington National Bank's Production Commission and Incentive Compensation Plus Salary Plan.**

**RE:** **Huntington National Bank – Fair Labor Standards Act Litigation**

*\*\*\**

### PLEASE READ THIS NOTICE CAREFULLY

*\*\*\**

### I. INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit and your option to elect to participate in the lawsuit.

You should be aware that this collective action lawsuit is only in the early stages. The right to recovery is not established and is not certain. Your decision to participate in this lawsuit does not guarantee that you will receive money. Huntington National Bank denies that it has violated the law and denies that it owes money to any current or former employees.

### II. DESCRIPTION OF THE LAWSUIT

In January 2011, Tom Lewis and Matthew Coulter started this lawsuit[1] ("the Plaintiffs") against Defendant Huntington National Bank ("Huntington") on behalf of themselves and other **Mortgage Loan Officers ("MLOs")** who were employed by Huntington between May 23, 2008 and April 2, 2011 who were compensated based on Huntington National Bank's Production Commission and Incentive Compensation Plan, and/or Huntington National Bank's Production Commission and Incentive Compensation Plus Salary Plan. The lawsuit claims that Plaintiffs and other MLOs were

---

[1] Raymond J. Principe, Rebecca D. Gray, Julia A. Karpik, Erin Bishop, Brian Heibel, Lee Struck, Chris Kusserow, Cliff Bostorm and Timothy Balance joined the lawsuit later.

improperly denied overtime compensation and had monies improperly deducted under the same pay policy which denied overtime compensation. This lawsuit seeks liquidated damages in an amount equal to the alleged unpaid or underpaid overtime wages, the repayment of improperly deducted funds, and attorneys' fees and costs. In addition, this lawsuit requests an injunction to prohibit Huntington from engaging in alleged future violations of the FLSA and the Ohio Minimum Fair Wage Standards Act.

Huntington denies Plaintiffs' allegations. Huntington contends that MLOs are paid a salary for all hours worked and that they are properly classified as "exempt" from the overtime requirements of the law.

As already stated, the Court has not yet decided who will win the lawsuit.

### III. NO RETALIATION PERMITTED

If you join this lawsuit, federal law prohibits Huntington from retaliating against you as a result of your participation.

### IV. DEFINITION OF THE CLASS

Plaintiffs seek to sue on behalf of themselves as well as other present and former MLOs who were employed by Huntington between May 23, 2008 and April 2, 2011 who were compensated based on Huntington National Bank's Production Commission and Incentive Compensation Plan, and/or Huntington National Bank's Production Commission and Incentive Compensation Plus Salary Plan.

If you received a copy of this notice in an envelope specifically addressed to you, Huntington's records indicate that you may fit the above definition.

### V. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

You may join this lawsuit by mailing your completed and signed "Opt-In Consent Form" in the self-addressed stamped envelope provided or by otherwise sending the 'Opt-In Consent Form" to Plaintiffs' counsel at the following address:

> Barkan Meizlish Handelman Goodin DeRose Wentz, LLP
> 250 East Broad Street

>10th Floor
>Columbus, OH 43215
>(800) 274-5297
>www.barkanmeizlish.com

This form must be returned postmarked by [insert date 45 days after mailing date]. If you fail to return the "Opt-In Consent Form" by the [insert date 45 days after mailing date] deadline, you will not be able to participate in the lawsuit, and you will not be eligible to participate in any recovery that may be obtained by the lawsuit.

If you file an "Opt-In Consent Form," your continued right to participate in the lawsuit may depend upon later decisions by the District Court concerning the appropriateness of a collective action treatment and whether you are similarly situated to other participants and other matters.

## VI.  THE EFFECT OF SIGNING AN "ACKNOWLEDGEMENT OF BACK WAGE PAYMENT" FORM

**If you previously signed an "Acknowledgement of Back Wage Payment" form with Huntington National Bank, or have previously received a payment from Huntington National Bank for overtime wages, you still have the right to participate in this lawsuit; because the Acknowledgement cannot be used as either a settlement of your claim or a waiver of Huntington's liability.**

## VII. EFFECT OF JOINING THIS SUIT

If you join the lawsuit, and the Court finds in favor of Plaintiffs, you may be entitled to a money recovery. However, if you join the lawsuit, and the court rules in favor of Huntington, you will be entitled no relief.

You should also understand that, as a party to this lawsuit, there is a possibility that you may be required to provide information about your employment with Huntington, answer written questions, produce documents and/or testify at a pre-trial deposition or trial.

3

You will not be required to pay any legal fees.  Plaintiffs' attorneys are being paid on a contingency fee basis, which means that, if there is no recovery, the attorneys will receive nothing.  If there is a recovery, the attorneys will receive a part of any recovery obtained or may seek to obtain a Court Order under which they may receive a fee through a separate payment by Huntington.

By joining this lawsuit, you are designating the attorneys identified in Section VII to represent your interest.  In addition, by joining this lawsuit you will be bound by the judgment of the Court on all issues in this case, including the reasonableness of any settlement.

### VIII.  **NO LEGAL EFFECT IN NOT JOINING THE SUIT**

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable.  If you choose not to join in this lawsuit, you may file your own lawsuit.

### IX. **YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this lawsuit, your interests will be represented by Attorneys:

| | |
|---|---|
| Robert E. DeRose | Jami S. Oliver |
| Robert K. Handelman | OLIVER  LAW OFFICES, INC. |
| Katherine A. Stone | 132 Northwoods Blvd. |
| BARKAN MEIZLISH HANDELMAN | Columbus, OH 43235 |
| GOODIN DEROSE WENTZ, LLP | Telephone: (614) 220-9100 |
| 250 East Broad Street | Fax: (866) 318-4580 |
| 10th Floor | Email: joliver@jamioliver.com |
| Columbus, Ohio 43215 | |
| Telephone:  (614) 221-4221 | |
| Fax:  (614) 744-2300 | |
| Email:bderose@barkanmeizlish.com | |
|      rhandelman@barkanmeizlish.com | |
|      kstone@barkanmeizlish.com | |

Huntington is represented in this action by the law firm Littler Mendelson, P.C., including Attorney:

Tracy Stott Pyles, Esq
LITTLER MENDELSON, P.C.

4

21 East State Street
16th Floor
Columbus, OH 43215
Telephone: (614) 463-4201
Fax: (614) 221-3301
Email:
tpyles@littler.com


**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT JUDGE ALGENON L. MARBLEY OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION.  THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THIS LAWSUIT. PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**