**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TOM LEWIS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Case No. C2-11-CV-0058** |
| v. | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| THE HUNTINGTON NATIONAL | : | |
| BANK, et al., | : | |
| | : | **Magistrate Judge Kemp** |
| Defendants. | : | |

<u>**ORDER SETTING BENCH TRIAL DATE
AND SETTLEMENT CONFERENCE**</u>

This case is set for a bench trial on **Monday, August 6, 2012** at **9:00 a.m.** In preparation for trial the Court has set the following schedule to which the parties are to adhere. The Court has included a statement of pretrial and trial procedures which the parties are to follow.

<u>**Summary:**</u>

| | |
|---|---|
| June 21, 2012 | Confidential assessment letter submitted to the Court for settlement conference. |
| June 28, 2012 | Settlement conference. |
| July 16, 2012 | Motions in limine, pretrial motions, designation of deposition portions, witness statements, stipulations, and exhibit lists. |
| July 23, 2012 | Memoranda contra pretrial motions or motions in limine, objections to deposition designations, and final pretrial order. |
| July 25, 2012 | Final pretrial conference, submission of trial briefs. |
| August 6, 2012 | Trial - opening statements and presentation of evidence. |

# I.  PRETRIAL PROCEDURE

**Trial Date**

This matter is set for a final pretrial conference on **Wednesday, July 25, 2012 at 9:30 a.m.  Bench Trial** shall begin on **Monday, August 6, 2012 at 9:00 a.m.**  The Court will follow a four day week trial schedule, conducting the trial of this case from Monday through Thursday of each week until completion of the trial, and reserving Fridays for other matters.

The Court will not continue the trial date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

The Court uses a trailing docket, setting three to five civil cases to begin on the same day. Cases are tried in the order they were filed.  If a case set for the same day goes to trial, then the parties and counsel in the next case shall remain prepared to go to trial on a standby basis for a period of two weeks unless the Court orders otherwise.

Under the Speedy Trial Act, 18 U.S.C. § 3161-3174, and Fed. R. Crim. P. 50(a), the Court will give preference to any criminal matters it has set to take place the same time as the trial in this case.  Fed. R. Civ. P. 40.

Counsel may call the Courtroom Deputy, Betty Clark, at (614) 719-3265, to obtain information about whether other cases will go to trial before this case.

**<u>Settlement Conference</u>**

This case is set for a settlement conference on **Thursday, June 28, 2012 at 9:30 a.m.**, under Fed. R. Civ. P. 16(a)(5) and (b)(9), before The Honorable Algenon L. Marbley, United States District Court, 85 Marconi Boulevard, Room 349, Columbus, Ohio 43215.

Counsel and the parties shall adhere to the following with respect to the settlement conference:

(1)     The trial attorney for each party must attend the conference.

(2)     The parties or principals with settlement authority shall be present.  28 U.S.C. § 473 (b)(5); Fed. R. Civ. P. 16(c).  Upon written motion and for good cause shown, the parties or principals with settlement authority may satisfy the presence requirement by being available by telephone.  Such motion must be made at least one (1) week in advance of the settlement conference.  Failure to appear or failure to obtain the Court's permission to appear by telephone shall result in sanctions against the offending party.

(3)     Lack of discovery or settlement authority will not excuse active participation in the conference.

(4)     No later than **fourteen (14) days** before the conference, each plaintiff must submit to counsel for all opposing parties a fully documented, written settlement demand; and

(5)     No later than **ten(10)** days before the conference, each opposing party must respond, in writing, to each settlement demand fully documenting that party's position.

(6)     On **June 21, 2012,** each party shall submit directly and <u>only</u> <u>to</u> <u>the</u> <u>Court's</u> <u>Chambers</u> a letter, not to exceed three pages, (a) explaining the party's theory of the case,

(b) indicating its position on settlement (in monetary terms, if applicable), and (c) setting forth all conditions necessary to achieve settlement (including non-monetary terms).

(7) Before the conference counsel shall discuss with their clients whether this case would be appropriate for a summary jury trial or some other form of alternative dispute resolution. Fed. R. Civ. P. 16(b)(9); S.D. Ohio L.R. 53.1; see Judge Thomas D. Lambros, The Summary Jury Trial and Other Alternative Methods of Dispute Resolution, 103 F.R.D. 461 (1984). This Court has seen excellent results in summary jury trials in a wide variety of cases. The Court encourages the parties to consider seriously this option, which has consistently resulted in significant savings over the cost of a full trial.

Any questions regarding the settlement conference should be addressed to the Court's Law Clerk, Lauren Hilsheimer at (614) 719-3263.

**Expert Witnesses**

The parties shall comply fully with all of the requirements of Fed. R. Civ. P. 26(a)(2), including the required disclosures at least **ninety (90) days before the trial unless an earlier date has been set by a scheduling order issued by the Magistrate Judge.**

**Statement of Witnesses**

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), on **July 16, 2012,** the parties shall submit to the Court, and serve on opposing counsel, the names, addresses and occupations of all witnesses they intend to call at trial, with a brief summary of the witness' testimony (two to three sentences), the purpose of that testimony, and the major issue about which the witness will

4

testify.  Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial.

The witness lists shall comport with all of the requirements of Rule 26(a)(3)(A).

### Designation of Deposition Portions

Pursuant to Fed. R. Civ. P.  26(a)(3)(A), on **July 16, 2012** the parties shall submit to the Court, and serve on opposing counsel, the designations of any portions of depositions they intend to offer as evidence at trial.[1]  Failure to make a designation, except upon a showing of good cause, will preclude the use of the undesignated portion of a deposition at trial.

The designation of deposition portions shall comport with all of the requirements of Fed. R. Civ. P. 26(a)(3)(A).

### Exhibits

Counsel will assemble and mark all exhibits and deliver them to the courtroom deputy prior to the commencement of trial.  Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals and Defendant's exhibits will bear the prefix D followed by Arabic numerals.

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), on **July 16, 2012**, each party shall exchange and file a list containing a brief description of each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial.

Counsel should keep a list of all exhibits and should supply the Court, courtroom deputy and opposing counsel with a copy of the same.

---

[1]Do not designate portions to be used for impeachment on cross-examination.

Counsel will not approach the witness to tender an exhibit.  Each exhibit will be placed before the witness by the courtroom deputy.

In formulating a question to a witness dealing with an exhibit, counsel shall specify the exhibit designation so that the record will be clear.

Each counsel is responsible for any exhibits secured from the courtroom deputy.  At the end of each trial session, all exhibits shall be returned to the courtroom deputy.

Counsel shall provide an exhibit list to the Court and opposing counsel prior to the commencement of trial as set forth in the Court's scheduling order.

The parties shall use three-ring tabbed notebooks for their exhibits which will be submitted two (2) days before the trial.  At trial, the parties shall provide the witness through the Courtroom Deputy the relevant volume(s) when the witness takes the stand.  The parties shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three (3) copies to the Court - one each for the Judge, the law clerk, and the courtroom deputy (for use at the witness stand).

Exhibits which are produced for the first time during trial, as in the case of exhibits used for impeachment, shall be tendered to the courtroom deputy for marking and then displayed to opposing counsel.

**Stipulations**

Counsel for the parties shall confer and reduce to writing all stipulations.  Fed. R. Civ. P. 16(c)(1).  The parties shall file any stipulations on **July 16, 2012**.

**Pretrial Motions**

Any pretrial motions or motions in limine, shall be filed on **July 16, 2012**.  A party's motions in limine and memoranda in support shall not exceed a total of fifteen (15) pages in length.  The memoranda contra any motions in limine shall be filed on **July 23, 2012**.  The memorandum contra shall not exceed a total of fifteen (15) pages in length.  The Court will not accept any reply memoranda.

**Final Pretrial Order**

The parties shall submit a joint proposed final pretrial order, using the attached form, on or before **July 23, 2012**.

**Trial Briefs**

The parties are to file trial briefs on or before **July 25, 2012**.  All briefs shall comply with S.D. Ohio L. R. 5.1, with citations and references conforming to S.D. Ohio L. R. 7.2(b).  Counsel should use their trial briefs to instruct the Court in advance of trial in any area of law upon which counsel will rely at trial.  Therefore, the briefs should contain arguments, with citations to legal authority, in support of any evidentiary or other legal questions which may reasonably be anticipated to arise at trial.

**Computer Disks**

The Court encourages the parties to submit on three and one-half inch computer disks: (1) all potentially case-dispositive motions, as well as the memoranda in support of and in

7

opposition to such motions; and (2) any memoranda that exceeds five pages in length.  The parties may submit such disks directly to chambers in care of the Court's law clerks.[2]

## II.  TRIAL PROCEDURE

### Counsel Tables

Plaintiff will occupy counsel table next to the jury box.  Defendant will occupy counsel table across from Plaintiff.

### Appearances

Upon arrival, counsel will enter their appearance with the Court Reporter and the Courtroom Deputy Clerk before the start of the opening session of the trial or any other proceeding before the Court.

### Court Sessions

Trials will be held Monday through Thursday of each week.

Friday sessions are not held because the Court regularly schedules final pretrial conferences, criminal matters, and other motion hearings on that day.

Morning session begins at 9:00 a.m. and will  recess at approximately 10:30 a.m. for 15 minutes.

Noon recess will be at approximately 12:00.

Afternoon session begins at 1:00 p.m. and will recess at approximately 3:15 for 15 minutes.

---

[2]The Court uses WordPerfect for Windows 6.1 with an IBM compatible system.

Court will adjourn at approximately 4:30 p.m.


**Addresses By Counsel**

Counsel will address the Court in the following manner:

(a)     Opening statements and closing arguments will be conducted from the lectern facing the court.

(b)     All addresses to the Court will be made from the lectern facing the Court.

(c)     Counsel shall stand when addressing the Court for any reason.


**Examination of Witnesses**

Counsel shall conduct their examination from the lectern.  During direct examination and redirect, counsel may move about in the well of the Court as necessary.  On cross-examination, however, counsel shall examine from the lectern.

In advance of trial, counsel will instruct his or her witnesses to answer questions with courtesy.  Evasive answers, answering a question with a question or disrespect to opposing counsel will not be permitted.

Counsel are expected to extend equal courtesy to all witnesses.  Counsel will wait until the witness has finished an answer before asking the next question.  Multiple questions and repetitious questions will not be permitted.  Counsel may not by any action, inflection or expression indicate disbelief of any witness's answer.  Counsel shall admonish their clients and witnesses to desist from such conduct.

9

Witness shall be treated with fairness and consideration.  They shall not be shouted at, ridiculed or otherwise abused.  The untruthful or hostile witness can be examined firmly and extensively without abuse.

When a party has more than one attorney, only one may conduct the direct or cross examination of a given witness.

Counsel shall not approach a witness without asking the permission of the Court.  When permission is granted for the purpose of working with an exhibit, counsel should resume the examination from the lectern when finished with the exhibit.

Counsel are responsible for witnesses speaking so that their testimony will be easily heard by all members of the Court.

Upon completing his or her examination of the witness, counsel shall advise the Court, after which the Court will advise opposing counsel to proceed.

During examination of a witness, counsel will first obtain permission of the Court if he/she wishes to confer with co-counsel.

**<u>Objections</u>**

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and state the grounds therefor. Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness or influence the Court.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court.  Either counsel may request a bench conference.


**<u>Decorum</u>**

Colloquy, or argument between counsel will not be permitted.  All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the trial.

Appearance, mannerisms, or habits that are designed to arouse the sympathy or prejudice of the Court are an impediment to an impartial trial and will not be permitted.

During a trial, counsel shall not exhibit familiarity with witnesses, or opposing counsel and shall avoid the use of first names.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court.

Do not ask the Court Reporter to mark testimony.  All requests for re-reading of questions or answers shall be addressed to the Court.


**<u>Depositions</u>**

Counsel will confer in advance of trial and attempt to resolve objections by agreement.  If any objections remain for ruling, counsel shall jointly prepare a list of objections identifying the page number and line(s) of the deposition where the objection will be found and stating in one sentence the grounds for the objection.  This procedure applies to both written and video tape depositions.  Thus video tape depositions which contain objections must be accompanied by a

full or partial transcript.  The jointly prepared list of objections and grounds for the same shall be delivered to the Court on **July 23, 2012**.

Video tape presentation must include all equipment and a method for editing the sound to delete testimony as to which the Court has sustained an objection.


## **Demonstrative Evidence**

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the trial, they must be exhibited to opposing counsel one week prior to trial. Objections to the same must be submitted to the Court prior to the commencement of trial. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, etc. for trial.


## **Sanctions**

The parties and counsel shall comply fully and literally with this pre-trial order.  The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

**Other Matters**

The Court will consider adopting any other pre-trial and trial management procedures upon which the parties agree.  Fed. R. Civ. P. 16(c).

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

Parties are reminded that the use of mobile devices, including but not limited to text messaging and emailing, during status conferences before the Court is strictly prohibited.

The parties shall address questions about this order to the Court's Law Clerk, Lauren Hilsheimer, at 614-719-3263, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**


  **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 16, 2012**