IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOM LEWIS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:11-CV-00058 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| THE HUNTINGTON NATIONAL BANK, | : | Magistrate Judge Kemp |
| | : | |
| Defendant. | : | |

## FINAL ORDER & JUDGMENT

This matter is before the Court on Plaintiffs' Unopposed Motion for Attorney Fees Incurred in the Ohio Rule 23 Class Action Settlement, (Doc. 147), and Plaintiffs' Unopposed Motion for Final Approval of Ohio Rule 23 Class Action Settlement, (Doc. 148). Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement between the Parties (the "Agreement"), (Doc. 138-2), is fair, reasonable and adequate in light of the factual, legal, practical and procedural considerations raised by this suit. The Court hereby **GRANTS** Plaintiffs' request for final approval of this settlement and class certification for settlement purposes. The Court further **AWARDS** Class Counsel up to $30,681.75 in attorneys' fees. This action is hereby **DISMISSED**.

## I. BACKGROUND

This matter concerns a class action by Ohio Named Plaintiffs and Class Representatives, Tom Lewis, Matthew Coulter, Rebecca Gray, Ray Principe, and Julie Karpik (the "Ohio Named Plaintiffs") against Huntington National Bank ("HNB") for violations of the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03, & 4111.10, and the Ohio Prompt Pay Act ("Ohio Pay Act"), O.R.C. § 4113.15. Specifically, Plaintiffs alleged that HNB

failed to pay its Mortgage Loan Officers ("MLOs") overtime for hours worked over a forty hours in a workweek pursuant to NHB's Production Commission and Incentive Compensation Plan, and/or Huntington National Bank's Production Commission and Incentive Compensation Plus Salary Plan (collectively, the "Plans").  The Ohio Rule 23 Class Representatives sought relief on behalf of themselves and a class of all current and former HNB MLOs who worked at any time in Ohio since January 18, 2008 until April 10, 2011 and were compensated based on the HNB Plans.  Separate claims were brought in this suit pursuant to 29 U.S.C. § 216(b), on behalf of a separate class.  HNB denied any and all liability alleged in the action.

After taking thorough discovery, the parties in this case began settlement negotiations, retaining Robert Kaiser, of the Center for Resolution of Disputes, to serve as mediator.  With the mediator's assistance, and notwithstanding their adversarial positions in this matter, Ohio Rule 23 Class Representatives and HNB (collectively, "the Parties"), have negotiated a settlement of this litigation. The terms of the proposed settlement are set forth in the proposed Agreement, (Doc. 138-2), which is subject to review under Fed. R. Civ. P. 23. HNB does not oppose, for purposes of this settlement *only*, that the proposed settlement class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), which are applicable to class settlements.

The salient terms of the Agreement are as follows: Each Ohio Rule 23 Class Member, as that term is defined in the Agreement, is eligible to receive a specified share of a $550,000.00 Rule 23 Settlement Fund based upon assumptions described below. The class is composed of MLOs employed by HNB in the state of Ohio who did not participate in the 216(b) action which was separately settled by the parties.[1] Each Ohio Rule 23 Class Member who does not opt out will receive $30.61 ($20.41 in back wages and $10.20 in liquidated damages) for each week they

---

[1] Settlement of the claims under 29 U.S.C. 216(b) was approved by this Court on March 13, 2013. (Doc. 143.)

worked in the relevant period. The payments for the Ohio Rule 23 Class Members were calculated by dividing the Ohio Rule 23 Settlement Fund ($550,000.00) by the total number of weeks worked by the Ohio Rule 23 Class, as listed in Exhibit G to the Agreement. The Ohio Rule 23 Class Members who filed an Opt-in Form and participated in the Section 216(b) settlement will *not* receive an award from the Ohio Rule 23 Settlement Fund.

On March 13, 2013, the Court granted the preliminary approval of the Agreement and the settlement set forth therein. (Doc. 144.)  Pursuant to the Preliminary Approval Order, this Court, among other things: (i) preliminarily certified, for settlement purposes only, a class consisting of all current and former MLOs of HNB who worked at any time in Ohio since January 18, 2008 until April 10, 2011; who were compensated based on the Plans, excluding the individuals (other than the Ohio Named Plaintiffs) who joined this litigation pursuant to 29 U.S.C. § 216(b) prior to September 20, 2012 (the "Ohio Rule 23 Class"); (ii) preliminarily approved the Agreement; (iii) conditionally approved the Ohio Named Plaintiffs as Class Representatives of the Ohio Rule 23 Class; (iv) appointed Plaintiffs' attorneys, Robert E. DeRose and Robert K. Handelman of Barkan Meizlish Handelman Goodin DeRose Wentz, LLP and Jami S. Oliver of Oliver Law Offices as Co-Class Counsel for the Ohio Rule 23 Class; (v) approved notice to the Ohio Rule 23 Class; and, (vi) set the date and time of the Fairness Hearing.

The Agreement permits Co-Class Counsel to petition the Court for additional fees and expenses incurred after November 20, 2012 associated solely with prosecuting the Ohio Rule 23 Settlement. On May 16, 2013, Co- Class Counsel filed their unopposed Motion for Additional Attorney Fees and Expenses in the amount of up to $30, 676.24.  (Doc. 147.)   This amount included an estimation of fees incurred for the period of May 15 through May 30, 2013.  On May

29, 2013, Co-Class Counsel updated their total fee request to $30,681.75, in light of actual hours billed since May 15, 2013. (Docs. 150-2, 150-3.)

On May 16, 2013, Plaintiffs filed their Motion for Final Approval of Ohio Rule 23 Class Action Settlement. (Doc. 148.) On May 30, 2013, this Court held a Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement should be approved as fair, reasonable, adequate, and in the best interest of the Class Members.

## II. LAW AND ANALYSIS

### A. *Class Certification for the Purposes of Settlement*

Pursuant to Rule 23(b)(3), Plaintiffs request certification, for settlement purposes only, of a Ohio Rule 23 Class consisting of the following:

> All current or former Mortgage Loan Officers who were employed by Huntington National Bank in the State of Ohio at any time between January 18, 2008 and April 10, 2011 who were compensated based on Huntington National Bank's Production Commission and Incentive Compensation Plan, and/or Huntington National Bank's Production Commission and Incentive Compensation Plus Salary Plan, excluding the individuals (other than the Ohio Named Plaintiffs) who joined this litigation pursuant to 29 U.S.C. § 216(b) prior to September 20, 2012.

The Ohio Rule 23 Class Members are identified in Exhibit B of the Agreement, (Doc. 138-2 at 41-90). Approximately 186 class members were mailed notice Packets pursuant to this Court's preliminary approval order. (Doc. 148 at 11.)

The Court now finds that the above class definition satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for settlement purposes, namely:

- The Ohio Rule 23 Class Members are so numerous that joinder of all of them in this action is impracticable;

- There are questions of law and fact common to the Ohio Rule 23 Class Members, which predominate over any individual questions;

4

- The claims of the Ohio Rule 23 Class Representatives are typical of the claims of the Class Members;

- The Ohio Rule 23 Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Ohio Rule 23 Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

Accordingly, pursuant to Rule 23(b)(3), the Court hereby certifies the above-defined Ohio Rule 23 Class with respect to the Ohio claims asserted this action. For purposes of settlement, pursuant to Rule 23, the Court approves the Ohio Named Plaintiffs, Tom Lewis, Matthew Coulter, Rebecca Gray, Ray Principe and Julie Karpik, as the Class Representatives. For purposes of settlement and pursuant to Rule 23, the Court further appoints as Class Counsel for the Ohio Rule 23 Class Robert E. DeRose and Robert K. Handelman of Barkan Meizlish Handelman Goodin DeRose Wentz, LLP ("Barkan Meizlish, LLP") and Jami S. Oliver of Oliver Law Offices.

*B. Sufficiency of Notice*

In class actions certified under Rule 23(b)(3), notice must meet the requirements of both Fed. R. Civ. P. 23(c)(2) and 23(e). Rule 23(e) specifies that no class action may be dismissed or compromised without court approval, preceded by notice to class members. Fed. R. Civ. P. 23(e). Rule 23(c)(2) requires that notice to the class be "the best practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). The Rule also requires that the notice inform potential class members that: (1) they have an opportunity to opt out; (2) the judgment will bind all class members who do not opt out; (3) and any member who does not opt out may appear through counsel. *Id.* The Court must consider the mode of dissemination and the content of the notice to

assess whether such notice was sufficient. *See* Federal Judicial Center, *Manual for Complex Litig.* § 21.312 (4th 2004).

Here, the Court finds that the Rule 23 Notice Packet mailed in conformity with this Court's Preliminary Approval Order. *See* Decl. of David Garcia, Doc. 150-1. The Court further finds that the notice given of the proposed settlement was the best practicable notice under the circumstances. The Notice Packet was successfully delivered by mail to 181 of the 186 Ohio Rule 23 Class members. The Court therefore finds that this notice process provided all members of the Ohio Rule 23 Class desiring to object to the settlement with fair and adequate notice of the terms of the settlement and the Fairness Hearing. Finally, the Court finds the Rule 23 Notice Packet was clearly designed to advise Class Members of their rights and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### C. Whether Fair, Reasonable, and Adequate

Before a district court approves a settlement, it must find that the settlement is "fair, reasonable, and adequate." *UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). A district court looks to seven factors in determining whether a class action settlement is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW,* 497 F.3d at 631. In reviewing a proposed class action settlement, the district court has "'wide discretion in assessing the weight and applicability' of the relevant factors." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013) (quoting *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205–06 (6th Cir. 1992)).

Here, in light of the involvement of a third-party mediator, the Court concludes that the risk of fraud or collusion is negligible. *See Hainey v. Parrot*, 617 F. Supp.2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties.") (citing *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 621 (S.D. Cal. 2005) and *In re Toys R Us Antitrust Lit.*, 191 F.R.D. 347, 3521 (E.D.N.Y. 2000)). The Court also finds that, given the evidentiary complexity of this class action, the expense and likely duration of litigation in the absence of settlement is substantial. In addition, because thorough discovery was conducted in this action, Plaintiffs had access to sufficient information to evaluate their case and assess the adequacy of the proposed settlement.

In reviewing a settlement, this Court also considers the probability of success on the merits, which "provides a gauge from which the benefits of the settlement must be measured." *See In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984) (citing *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977)). Here, to prevail on their Ohio Wage Act claims, class members would have had to show, through testimony and documentary evidence, the specific hours, times, and dates worked – a process requiring extensive and expensive additional discovery. In comparison, the Settlement provides an award to Ohio Rule 23 Class Members based on the average award to 216(b) Opt-In plaintiffs, which represents unpaid overtime wages plus a 50% liquid damages award. The actual award to any individual class member is a function of the number of weeks that individual was employed by HNB from November 18, 2008 to April 10, 2011. In light of the delay, risk and difficulty inherent in collecting any judgment on behalf of class members, the Court concludes that the Settlement awards are a fair estimate of the unpaid overtime wages class members could reasonably recover,

and are, therefore, a reasonable compromise as to the claims of the Ohio Rule 23 Class.

The opinions of class representatives and class counsel – who are skilled trial attorneys with experience litigating in this area – support the conclusion that the Settlement is appropriate, given the risks and expenses involved in further litigation.  The reaction of absent class members also weighs in favor of approving the settlement. As discussed above, notice of this Settlement was issued in a manner consistent with due process and Rule 23.  Accordingly, absent class members had an opportunity to object and be heard.  No objections were filed and no objections were raised at the fairness hearing. "[A] relatively small number of class members who object is an indication of a settlement's fairness." *Brotherton v. Cleveland*, 141 F.Supp.2d 894, 906 (S.D. Ohio 2001) (citing *Newberg on Class Actions, supra,* at § 11.48). Furthermore, only three class members opted-out of the settlement class.  (*See* Doc. 146.)  These individuals will be excluded from the class and settlement and will not be bound by the Agreement.

Finally, the Court also finds approval of the Agreement to be in the public interest, because it achieves a definite and certain result for the benefit of the Ohio Rule 23 Class that is preferable to continuing litigation, which would require substantial judicial resources to supervise and resolve and in which the Ohio Rule 23 Class would necessarily confront substantial risk, uncertainty, delay, and cost. *See In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990).

Accordingly, in light of the above, the Court finds that this settlement, on the terms and conditions set forth in the Agreement, is fair, just, reasonable and adequate to, and in the best interest of the Ohio Rule 23 Class. This Court therefore **GRANTS** final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Ohio Rule 23 Class excepting only those individuals, if any, who effectively excluded themselves from the

Class in accordance with the terms of the Agreement ("Opt-Outs").

*D. Attorney Fees and Costs*

The Agreement permits Co-Class Counsel to petition the Court for additional fees and expenses incurred after November 20, 2012 associated solely with prosecuting the Ohio Rule 23 Settlement.[2] Co-Class Counsel has moved for additional attorney fees in the amount of up to $30,681.75. (Doc. 147.) These additional fees are only to be paid if there are unclaimed funds as described in ¶ 2.5(c) and ¶ 4.6(d) of the Agreement.

The settled "starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). If the party seeking the attorney fees "has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air*, 478 U.S. 546, 564 (1986); *see also Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) ("There is a strong presumption that this lodestar figure represents a reasonable fee.") (citations omitted).

Here, Class Counsel's fee request is limited to the lodestar amount for the additional work performed solely with respect to concluding the Ohio Rule 23 Settlement. The daily time records submitted by Class Counsel indicate that, from November 20, 2012 until May 14, 2013, the senior partner and owner of the Oliver Law Officers expended 8.6 hours, at a rate of $425.00

---

[2] On November 30, the Parties filed a Joint Motion for Approval of §216(b) Action Settlement, (Doc. No. 137), wherein Class Counsel petitioned the Court for attorney fees costs expended in this litigation in the amount of $750,000.00. That payment was meant to compensate Class Counsel for all work done on the case, for both the 216(b) plaintiffs and the Ohio Rule 23 plaintiffs, from inception to November 20, 2012. The Court approved the Attorney Fees and Expense Payment in its March 13, 2013 Order Approving the 216(b) Settlement. (Doc. No. 143)

per hour, for a total time value of $3,655.00.  Oliver Decl., Doc. 147-2. Attorneys and staff at Barkan Meizlish, LLP expended a total time value of $7,516.25 in that period, including: 37.34 senior partner hours (at $425.00 per hour); 8.05 attorney hours (at $200 per hour); and .35 paralegal hours (at $105 per hour).  DeRose Decl., Doc. 147-1. The total time value of worked performed between November 20, 2012 and May 14, 2013 was $21,171.25. (Doc. 147 at 3.)

For the period from May 15 to May 30, 2013, Barkan Meizlish, LLP billed a total of $8533.00.  DeRose Decl., Doc. 150-2. During the same period, the Oliver Law Offices billed a total of $977.50.  Oliver Decl., Doc. 150-3.  Hours expended during this secondary period were billed at the same rates as those described above. The total amount requested for work performed between May 15 and May 30, 2013 is $9,510.50.

The Court has reviewed the time records submitted by Class Counsel and finds the above hours and rates to be reasonable. The Court therefore hereby **GRANTS** Plaintiffs' motion for attorney fees to Class Counsel in the amount of $30,681.75, to be distributed in a manner consistent with that set forth above.

### III. CONCLUSION

For the reasons set forth above, the Motions are **GRANTED** and the Court hereby **ORDERS** as follows:

1. **Final Certification of the Ohio Rule 23 Class.** The Court finds that the proposed Ohio Rule 23 Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Ohio Rule 23 Class consisting of the following:

> All current or former Mortgage Loan Officers who were employed by Huntington National Bank in the State of Ohio at any time between January 18, 2008 and April 10, 2011 who were compensated based on Huntington National Bank's Production Commission and Incentive Compensation Plan, and/or Huntington

>National Bank's Production Commission and Incentive Compensation Plus Salary Plan, excluding the individuals (other than the Ohio Named Plaintiffs) who joined this litigation pursuant to 29 U.S.C. § 216(b) prior to September 20, 2012.

2. **Class Representatives.** For purposes of settlement, the Court approves the Ohio Named Plaintiffs, Tom Lewis, Matthew Coulter, Rebecca Gray, Ray Principe and Julie Karpik, as the Class Representatives.

3. **Class Counsel.** For purposes of settlement, the Court appoints as Class Counsel for the Ohio Rule 23 Class Robert E. DeRose and Robert K. Handelman of Barkan Meizlish Handelman Goodin DeRose Wentz, LLP ("Barkan Meizlish, LLP") and Jami S. Oliver of Oliver Law Offices.

4. **Approval of the Agreement.** The Court approves the Agreement as fair, just, reasonable and adequate to, and in the best interest of the Ohio Rule 23 Class. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Ohio Rule 23 Class excepting only those individuals, if any, who effectively excluded themselves from the Class in accordance with the terms of the Agreement ("Opt-Outs").

5. **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Class Representatives and the Ohio Rule 23 Class, excepting Opt-Outs, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement). The Class Representatives and the Ohio Rule 23 Class, excepting Opt-Outs, are deemed to have released and forever discharged the Released Parties from all Released Claims.

6.   **Cy pres.** The Court approves the University of Dayton School of Law Project for Law and Business Ethics and Pelatonia as the *cy pres* charities.

7.   **Dismissal with Prejudice.** All claims in this action are dismissed with prejudice and without costs against The Huntington National Bank.

8.   **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

9.   **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

10. **Order for Settlement Purposes.**  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

11. **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

12. **Additional Attorney Fees and Expenses.** The Court approves the Plaintiffs' request for additional attorney fees and expenses to be paid from unclaimed funds from the Ohio Rule 23 Settlement Fund after the expiration of the ninety (90) day check negotiation period described in

paragraph 4.6(d) of the Agreement.  The Court approves payment to Class Counsel in amount not to exceed $30,681.75.

    **IT IS SO ORDERED.**

                                          **s/Algenon L. Marbley_____**
                                          **Algenon L. Marbley**
                                          **United States District Court Judge**

**DATE: May 30, 2013**